[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11506
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00116-WS-C-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH LEE GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 3, 2011)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Kenneth Lee Green appeals his sentence of 412 months of imprisonment for conspiring to manufacture over 500 grams of methamphetamine, 21 U.S.C. §§ 841(a)(1), 846, attempting to manufacture over 50 grams of methamphetamine, id. §§ 841(c)(2), 846, possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1), and possessing an unregistered firearm, 26 U.S.C. § 5861(d). Green challenges the enhancement of his sentence for creating a substantial risk to the life of a minor and for committing perjury. We affirm.

The district court did not clearly err by enhancing Green's sentence for creating a substantial risk to the life of his children. A defendant is subject to a six-level increase of his offense level if his crime involved manufacturing methamphetamine and "created a substantial risk of harm to the life of a minor." United States Sentencing Manual Guidelines § 2D1.1(b)(13)(D). Even if Green's children were not present during the manufacturing of methamphetamine, the children faced a substantial risk of harm from volatile precursor materials that Green had stored in a shed near his trailer and from noxious fumes that would penetrate any porous surface inside his trailer where, according to a cohort, Green manufactured methamphetamine about once a week. In fact, when officers entered Green's trailer, the smell of ammonia was so overwhelming that they broke doors and windows to ventilate the trailer. Green had used screws to seal the doors and

windows and, in so doing, blocked escape routes otherwise available to his children in the event of an emergency. Green created conditions around his home that were hazardous to the life of his children.

The district court also did not clearly err by enhancing Green's sentence for perjury. A defendant faces a two-level increase in his offense level if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the . . . prosecution" of his crime. Id. § 3C1.1. The district court was entitled to find that Green offered "false testimony concerning a material matter with the willful intent" to mislead jurors about his involvement in the manufacture of methamphetamine. United States v. Dunnigan, 507 U.S. 87, 94, 113 S. Ct. 1111, 1116 (1993). After law enforcement officers and cohorts testified about Green's possession of precursor materials and use of his home to manufacture methamphetamine, Green testified incredibly that he was not aware of the drug paraphernalia found in his bedroom, he did not allow methamphetamine to be manufactured in his trailer, and he did not notice the smell of ammonia in his trailer on the day of the search. Green argues that the district court failed to "make a specific finding" of perjury, but the district court found that Green's false testimony "was designed to send the jury in a direction away from the true facts of this case and . . . to mitigate Mr. Green's role in the offense."

3

We **AFFIRM** Green's sentence.